IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARK BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-cv-3006 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant's Motion for Summary Judgment (Doc. 20).

### I.     PROCEDURAL BACKGROUND

Plaintiff Mark Buchanan was formerly employed by the Illinois Department of Transportation (IDOT) as a highway maintainer. (Doc. 1 at ¶5). On January 27, 2022, Plaintiff filed a Complaint against the IDOT relating to his discharge, alleging three claims of discrimination. (*Id.* at 3-7). In Count I, Plaintiff alleges a claim of age discrimination, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623. (*Id.* at 3-4). In Count II, Plaintiff alleges a claim of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e– 2(a)(1). (*Id.* at 4-5). Finally, Plaintiff alleges in Count III that his was discharged as retaliation for his complaints about the hostile work environment, in violation of Title VII. (*Id.* at 5-6).

On December 6, 2024, Defendant filed its Motion for Summary Judgment. (Doc. 20). On January 29, 2025, Plaintiff filed his response conceding that Count II should be dismissed. (Doc. 25). Plaintiff argues his remaining claims should not be dismissed.

## II.     UNDISPUTED FACTS[1]

From October 2018 to January 2019, Plaintiff was employed as a highway maintainer by IDOT, a state agency. (Doc. 20 at ¶¶1-2). During this period, he was a probationary employee. (*Id.* at ¶3). On January 9, 2019, Plaintiff received his two-month review. (*Id.* at ¶4). The next day, Plaintiff resigned due to issues involving Tom Bozarth, another highway maintainer who Plaintiff had previously complained about to Defendant. (*Id.* at ¶¶5-6).

On October 2, 2019, Plaintiff filed a charge with the Illinois Department of Human Rights (IDHR), alleging harassment based on age, constructive discharge, and retaliation. (Doc. 20 at ¶¶7-8). The IDHR investigated and determined there was not substantial evidence to support Plaintiff's allegations. (*Id.* at ¶8). On December 16, 2019, Plaintiff received a Notice of Dismissal for Lack of Substantial Evidence from the IDHR. (*Id.*). The IDHR Notice indicated that if Plaintiff disagrees with the dismissal, he may request a review before the Human Rights Commission or in a state circuit court. (*Id.* at ¶9). If Plaintiff did not request a review within 90 days of receiving the IDHR Notice, then the

---

[1] Unless otherwise noted, the factual background of this case is drawn from the undisputed facts as conceded to in Defendants' statement of material facts; Plaintiffs' response to Defendants' statement of material facts and additional material facts; and exhibits to the filings. Exhibit citations are used for facts that the Court finds are undisputed from the summary judgment record.

charges would be dismissed with prejudice and with no right to further proceed. (*Id.* at ¶9). The deadline to file a request for review was March 20, 2020. (*Id.* at ¶10).

On January 7, 2021, the EEOC notified Plaintiff that it had adopted the findings of the IDHR. (Doc. 20, Ex. 4 at 1). The EEOC also informed Plaintiff that a lawsuit must be filed within 90 days of receipt of the Notice of Dismissal, or his right to sue based on the charges would be lost. (*Id.*). On October 26, 2021, the EEOC sent Plaintiff a second Notice of Dismissal, indicating:

> The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that may be construed as having been raised by this challenge.

(Doc. 20, Ex. 5 at 1).

### III. DISCUSSION

#### A. Legal Standard

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A factual dispute is only material if its resolution might change the suit's outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court must construe facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving

party's favor. *Woodruff v. Mason*, 542 F.3d 545, 550 (7th Cir. 2008). "At summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006) (internal quotations omitted).

The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party does so, the non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 255 (quotation and footnotes omitted).

**B. Analysis**

In its Motion for Summary Judgment, Defendant argues Plaintiff's complaint was not timely, as it was not filed within 90 days after he received the EEOC Notice. Defendant also argues that the IDHR's investigation did not reveal substantial evidence to support Counts I or III.[2]

A plaintiff in Illinois who wishes to bring a Title VII claim in federal court must first file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e); *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014). A plaintiff

---

[2] Defendant also argues it is entitled to summary judgment as to Count II. Because Plaintiff concedes that summary judgment is appropriate for that count, Defendant's Motion for Summary Judgment is GRANTED as to Count II.

must file suit within 90 days of receiving a notice of right to sue from the EEOC. 42 U.S.C. 2000e-5(f)(1). If a plaintiff does not comply with that 90-day deadline, he may be entitled to equitable tolling if he shows that he has made a good faith error or "has been prevented in some extraordinary way" from complying with the deadline. *See Lax v. Mayorkas*, 20 F.4th 1178, 1183 (7th Cir. 2021).

The EEOC "may on its own initiative reconsider a final determination of no reasonable cause and a director of the issuing office may, on his or her own initiative, reconsider a final determination of no reasonable cause." 29 C.F.R. § 1601.19(b). Unless the EEOC issues a notice of intent to reconsider, the 90-day window will not be tolled. *Id.* For this reason, denials of reconsideration do not supplant the deadlines imposed by initial determinations. *See Freeman v. Travelers Companies, Inc.*, 63 F.Supp.3d 867, 872 (N.D. Ill. Aug. 8, 2014) (holding the EEOC's denial of a request for reconsideration did not toll the 90-day filing period, despite the issuance of a new notice of right to sue); *McCray v. Corry Mfg. Co.*, 61 F.3d 224, 227 (3d Cir. 1995) (same).

A plaintiff also cannot reset the deadline by submitting the same claim a second time, even when he has received a second right to sue letter. For example, in *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004), the complainant did not file suit within 90 days after receiving her right-to-sue letters for her first and second EEOC charges, but did timely file suit on her third EEOC charge. The Seventh Circuit held that she could pursue only the claims in the third charge, or those reasonably related to the third charge. *Id.*

Here, Plaintiff received his initial EEOC Notice of Dismissal on January 7, 2021. Therefore, his 90-day deadline to file suit based on those charges expired on April 7, 2021. Plaintiff received a second EEOC Notice of Dismissal on October 26, 2021, but that Notice of Dismissal did not reset the 90-day clock. Importantly, Plaintiff does not allege that the EEOC sent him a notice of intent to reconsider, and the EEOC's denial of a request for reconsideration alone does not reset the deadline imposed by an initial Notice of Dismissal. *See Freeman*, 63 F.Supp.3d at 872; *McCray*, 61 F.3d at 227.

Plaintiff argues that he "amended his EEOC complaint," which lead to the EEOC's amended right-to-sue notice. However, the amendment was received by the IDHR and EEOC on September 12, 2019, which was well before the EEOC issued its Notice. (Doc. 25, Ex. 1 at 4). There is no reason to believe that the EEOC was not fully aware of the decision when it issued the January 7, 2021 Notice to Plaintiff.

Even if this Court were to consider Plaintiff's argument that the amendment to the EEOC charge was the reason for the new Notice, Plaintiff's claims would not be revived. Plaintiff's Supplement to the Charge only added allegations of sex-based discrimination and did not add any other information as to his age-based discrimination or retaliation claims. Just as in *Dandy*, the issuance of a new right-to-sue letter as to certain claims does not reset the deadline in other claims that are not reasonably related to his sex-based discrimination claim. Nor does equitable tolling apply in this case. Plaintiff does not set forth any "extraordinary" circumstances that prevented a timely filing. *See Lax*, 20 F.4th at 1183. Therefore, the Court lacks any basis for overlooking the failure to file suit within 90 days. As such, Defendant's Motion for Summary Judgment is GRANTED.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment is GRANTED as to Counts I, II, and III. Counts I, II, and III are dismissed with prejudice. The Clerk is directed to enter judgment in favor of Defendants and terminate this case.

ENTER: February 18, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE